Raymond Fitzgerald (RF 9526)
Butler Fitzgerald, Fiveson & McCarthy
A Professional Corporation
   Attorneys for Petitioner LFD OPERATING, INC.
350 Fifth Avenue, Suite 6215
New York, NY 10118
(212) 615-2200

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

PETITION FOR
MANDAMUS

In re LFD Operating Inc.,

Petitioner.

-------------------------------------------------------x .

The above named petitioner, LFD Operating, Inc., applies, pursuant to

28 U.S.C. § 1651, for a writ of mandamus directed to the Hon. Arthur J. Gonzalez

("Judge Gonzalez"), Judge of the United States Bankruptcy Court for the Southern

District of New York, in an adversary proceeding entitled LFD Operating, Inc. v.

General Electric Credit Corporation, Adv. Pro. No. 01-8153 (AJG), in the

bankruptcy case entitled In re Ames Department Stores, Inc., Case No. 01-42217

(REG) (the "Ames Bankruptcy"). In support of its petition, petitioner states:

## I.    Summary of Petition

1.    Mandamus is needed in this action in order to prevent Judge

Gonzalez from deciding questions regarding amendment of LFD's complaint

before deciding LFD's pending motion to remand on grounds of mandatory

abstention under 28 USC § 1334(c)(2). Mandamus is appropriate because Judge

Gonzalez improperly issued an order (i) providing that before the bankruptcy

court will decide LFD's mandatory abstention motion, which has been pending

for over four years, the bankruptcy court will decide whether LFD should be

granted leave to amend its complaint even though LFD has not requested leave

from that court to amend its complaint, and (ii) directing LFD to make a motion

for leave to amend its complaint by March 3, 2006, or be forever barred from

doing so. This action should be remanded, pursuant to the mandatory abstention

rule set forth in 28 U.S.C. § 1334(c)(2), to the Supreme Court of the State of New

York, New York County, where LFD originally commenced this action against

General Electric Credit Corporation.[1]

---

[1] Each of the preconditions to mandatory abstention are present because (i) LFD
asserts only state law claims against GECC; (ii) there was no basis to bring this
case in federal court under either the federal question or diversity jurisdiction
statutes; (iii) the only basis for jurisdiction in federal court is this court's "related
to" bankruptcy jurisdiction under 28 U.S.C. § 1334(b); (iv) less than two weeks
after GECC removed this action to the bankruptcy court, LFD moved to remand
the action back to state court on grounds of mandatory abstention; and (v) the State
Court can timely adjudicate this action.

2.   LFD's abstention motion was fully briefed over four years ago and was argued on November 1, 2001. Judge Gonzalez has not seen fit to decide the motion since then. Most recently, Judge Gonzalez ruled that the bankruptcy court will not decide the abstention motion until it completes other proceedings. Specifically, after LFD suggested that once the action is remanded to state court LFD intended to seek leave in state court to amend its complaint, Judge Gonzalez then stated that before the Court would decide the abstention motion, LFD would first have to move in the bankruptcy court for leave to amend its complaint, or be forever barred from doing so. This is a gross usurpation of the court's authority. Abstention, as Congress stated, is mandatory when the statutory elements set forth by Congress in 28 U.S.C. § 1334(c)(2) are present. The bankruptcy court's order to conduct further proceedings to determine whether LFD should be granted leave to amend its complaint is a complete flouting of the mandatory abstention rule. Moreover, conducting such proceedings interferes with the state court's conduct of the future proceedings after the required remand. Therefore, we respectfully submit that this Court issue a mandamus (i) vacating the bankruptcy court order that set a deadline for LFD to move for leave to amend its complaint, and (ii) directing Judge Gonzalez to decide promptly the pending motion for abstention.

## II.   Order Below

3.   The specific order about which LFD complains is an order dated February 16, 2006 which directs that before the Court will decide LFD's pending motion for mandatory abstention, LFD must first file any motion for leave to amend its complaint by March 3, 2006, or be barred from amending the complaint absent a further order finding good cause shown for relief from such bar. A copy of the Order is annexed hereto as Exhibit A.

## III. Statement of Facts

4.   This action was commenced in the Supreme Court of the State of New York, New York County (the "state court"). LFD filed the summons and complaint on September 6, 2001 seeking to recover monies that were wrongfully retained by GECC after proceeds from the sales of LFD shoes in stores owned by Ames Department Stores, Inc. and Ames Merchandising Corporation ("Ames") were paid over to GECC. In its original complaint, LFD asserted that (i) LFD had an agreement with Ames pursuant to which LFD employees were permitted to sell in Ames' stores footwear owned by LFD; (ii) Ames paid to GECC the proceeds Ames had collected during the period from July 22, 2001 through the date it filed its bankruptcy petition from LFD's retail sale of its merchandise in family shoe departments in Ames' stores; and (iii) GECC retained those funds for its own account. LFD asserted three claims for relief: (i) a cause of action for

money had and received; (ii) a cause of action for an accounting; and (iii) a cause of action for conversion. A copy of the complaint is annexed hereto as Exhibit B.

5.    GECC, by Notice of Removal dated October 4, 2001, removed this action from the state court to this Court pursuant to 28 U.S.C. § 1452(a) and 28 U.S.C. § 1441(a). A copy of GECC's Removal Petition is annexed hereto as Exhibit C. A week later, on October 11, 2001, GECC served its answer to LFD's complaint. A copy of GECC's Answer is annexed hereto as Exhibit D. GECC admitted facts in its Answer that precluded any assertion of diversity jurisdiction in this case – GECC admitted LFD and GECC are both Delaware corporations. The sole basis for jurisdiction in federal court, therefore, was the "related to" jurisdiction under 28 U.S.C. § 1334(b).

6.    On October 16, 2001, less than two weeks after GECC had removed this action to federal court, LFD moved, pursuant to 28 U.S.C. § 1452 and 28 U.S.C. § 1334(c)(2), for an order for the bankruptcy court to abstain from hearing this proceeding and to remand this case to state court, where plaintiff LFD originally filed this action. LFD asserted, among other things, that the only possible basis for bankruptcy jurisdiction in this action between two non-debtors was the "related to" bankruptcy jurisdiction provided under 28 U.S.C. § 1334(b), and that mandatory abstention therefore was required because this action involves only state law questions, it was originally brought in state court, there was no

other bass for federal court jurisdiction, the state court can timely adjudicate the action, and the state court is an appropriate forum. A copy of LFD's moving papers is annexed as Exhibit E.[2]

7. GECC, in its papers in opposition to the abstention motion, did not contest or dispute LFD's assertion that the only possible basis for bankruptcy jurisdiction was the "related to" jurisdiction provided in 28 U.S.C. § 1334(b). Instead, GECC made two legal arguments and one factual argument why mandatory abstention was not warranted. GECC's two legal arguments were that (i) LFD could not satisfy the required mandatory abstention element of a pending state court proceeding because after removal by GECC there was no longer a pending state court action; and (ii) the mandatory abstention rules did not apply in actions removed from state court under 28 U.S.C. § 1452, because that statute contained a permissive abstention provision and did not cross-reference the

---

[2] In addition, pursuant to Bankruptcy Rule 9027(e)(3) and 28 U.S.C. § 157(c), LFD timely filed a statement asserting that the removed action was not a core proceeding within the meaning of 28 U.S.C. § 157(b) and that LFD does not consent to the entry of final orders or judgments by the bankruptcy judge. (See Exhibit E, Fitzgerald Affidavit, at Exhibit D thereto) As a result, pursuant to 28 U.S.C. § 157(c)(1), the district court's reference of this action to the bankruptcy court does not bestow plenary jurisdiction on the bankruptcy court to hear and determine the action, or to enter final judgment. Rather, the action is referenced to the bankruptcy court to hear only and the bankruptcy court must submit proposed findings of facts and conclusions of law. The district court then shall enter final judgment only after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected. See 28 U.S.C. § 157(c)(1).

separate statute setting forth the mandatory abstention rule; i.e. 28 U.S.C. §

1334(c)(2). The factual argument that GECC raised was that LFD could not

sustain the required element that the state court would timely adjudicate the

action because, according to GECC, (i) "the existence of [GECC's] contingent

secured claim [for indemnification from Ames] could well hinder Ames' ability

to formulate and confirm a plan of reorganization;" (ii) "delay in the resolution of

the [claims against GECC] may have an adverse impact on Ames' borrowing

ability in the near future;" and (iii) "there is no reason to believe that [the state

court] could or would accommodate the administrative exigencies of this

bankruptcy case." A copy of GECC's opposition papers is annexed as Exhibit F.

Putting aside the relevance of any of those points, time has shown that those

assertions were unfounded.

       8.   LFD, in its reply papers, established that the legal arguments

raised by GECC had been rejected by each circuit court that had considered the

arguments. A copy of LFD's reply papers is annexed hereto as Exhibit G. In

addition, in its moving and reply papers, LFD presented factual evidence to show

that the state court could adjudicate the action in a timely fashion. See Exhibits E

and G. That evidence was never rebutted by GECC. See Exhibit F.

       9.   LFD's abstention motion was fully briefed in October 2001.

The bankruptcy court heard oral argument on the abstention motion on

November 1, 2001. A copy of the transcript of the argument is annexed hereto as Exhibit H. The bankruptcy court, however, did not rule on the abstention/remand motion in a timely manner.

10. In March 2002, despite the fact LFD's mandatory abstention/remand motion was still *sub judice*, GECC moved for summary judgment asserting that the claims against GECC were barred on collateral estoppel grounds by the bankruptcy court's March 19, 2002 order dismissing LFD's claims in an adversary proceeding against Ames in the case entitled <u>LFD Operating, Inc. v. Ames Department Stores, Inc. et al</u>, Adv. Pro. No. 01-8139A (AJG) (the "LFD-Ames case"). In the LFD-Ames case, LFD had asserted that the proceeds from the sale of its shoes in Ames stores were the property of LFD and, because Ames failed to pay those proceeds to LFD before Ames filed its bankruptcy petition, LFD was entitled to a turnover of its property, and was not simply an unsecured creditor of Ames with a claim for breach of contract. In its March 19, 2002 order (the "Order in the Ames case"), the bankruptcy court dismissed LFD's claims against Ames after ruling that the proceeds from the sale of LFD shoes in Ames' stores were not the property of LFD. A copy of the Order in the Ames case is annexed hereto as Exhibit I. The bankruptcy court did not rule that Ames had not breached its contract with LFD when Ames failed to pay over approximately $9 million dollars due to LFD from the sale of LFD's

shoes in Ames' stores, and the bankruptcy court did not rule that LFD did not have a claim against Ames in that amount. Rather, the result of the bankruptcy court's ruling was that LFD could only proceed on its claim against Ames as an unsecured creditor.

11. Immediately after GECC made its motion for summary judgment in this action, LFD moved to stay only GECC's summary judgment motion both because LFD had appealed from the Order in the Ames case and because LFD's abstention motion was still *sub judice*. A copy of LFD's motion for a stay is annexed as Exhibit J. The bankruptcy court, by order dated July 1, 2002, stayed not only GECC's motion but the entire case pending disposition of LFD's appeal and further order of the court. The bankruptcy court stated that, in light of its stay order, it was not necessary to decide whether a stay of GECC's motion also was warranted pending disposition of LFD's abstention motion. A copy of the July 1, 2002 Order is annexed hereto as Exhibit K. Therefore, in staying the entire case, the bankruptcy court put off having to decide LFD's abstention motion, which went beyond the relief requested by LFD.

12. LFD has since exhausted its appellate rights in the LFD-Ames case. A copy of the order of the District Court denying LFD's appeal from the Order in the Ames case is annexed as Exhibit L and a copy of the order of the Second Circuit denying LFD's appeal is annexed as Exhibit M.

13. On January 13, 2006, Ames and the creditor's committee in the Ames bankruptcy case, submitted to Judge Gonzalez a Notice of Presentment of Order which proposed that the bankruptcy court, in violation of 28 U.S.C. § 157(c), grant GECC's summary judgment motion and dismiss LFD's adversary proceeding against GECC on the grounds that the decision in the LFD-Ames case collaterally estopped LFD's claims against GECC in this action.[3] A copy of that proposed order is annexed as Exhibit N.

14. LFD, by letter dated January 23, 2006, objected to the entry of any order granting GECC's summary judgment motion. LFD reminded the bankruptcy court that there still was a stay in place and that the court still had to decide its abstention/remand motion before any further proceedings could be conducted in this action. LFD respectfully submitted that the bankruptcy court was required to grant LFD's pending abstention motion and remand this case to the state court from which it was removed and LFD submitted a proposed order providing for that relief. A copy of LFD's letter brief and proposed order is annexed hereto as Exhibit O. In its letter, LFD advised the bankruptcy court that since the briefing and arguing of the abstention motion four years earlier, the Second Circuit had ruled that mandatory abstention is

---

[3] Pursuant to 28 U.S.C. § 157(c), the bankruptcy court can not enter final judgment in favor of GECC but rather must submit proposed findings of fact and conclusions of law which the district court would then have to review de novo before entering any judgment.

appropriate and is required in cases, such as this one, which are in federal court only on the basis of "related to" bankruptcy jurisdiction and involve state law claims among non-debtors which could not otherwise have been brought in federal court. LFD explained that the Second Circuit had addressed and rejected the legal arguments that GECC asserted in opposition to the abstention motion and expressly overruled the cases upon which GECC relied. See Exhibit O, citing Mt. McKinley Ins. Co. v. Corning Inc., 399 F.3d 436, 446-47 (2d Cir. 2005) and Certain Underwriters at Lloyd's, London v. ABB Lummus Global, Inc., 2005 WL 3480022, at *3-4 (S.D.N.Y. Dec. 21, 2005). LFD, therefore, asserted that it would be reversible error to decline to abstain the action and decide GECC's summary judgment motion.

15. GECC submitted a letter brief, dated January 25, 2006, in opposition to LFD's proposed abstention order and asserted therein that the Second Circuit in Mt. McKinley had still required a showing that an action can be timely adjudicated in state court before a case should be remanded on mandatory abstention grounds. A copy of GECC's letter, dated January 25, 2006, is annexed hereto as Exhibit P.

16. The Court conducted a court conference on January 25, 2006. During that conference, LFD asserted that following Mt. McKinley there was only one issue that remained on LFD's abstention motion – the

factual issue of whether the state court could timely adjudicate the action –

and the evidence on that issue was undisputed; i.e., the state court could

timely adjudicate the action.[4] During the conference, in response to a question

from the court regarding what claim against GECC could survive the ruling in

the LFD-Ames case, counsel for LFD suggested that following the remand of

this action LFD intended to seek in the state court leave to amend its

complaint to assert claims that were not estopped by the Order in the Ames

case. Although LFD and GECC had already submitted letter briefs regarding

the impact of the Mt. Mckinley case, at the conclusion of the conference the

Court directed the parties to submit further briefing on the impact of the

Second Circuit's decision in Mt. McKinley. A copy of the transcript of the

January 25, 2006 court conference is annexed hereto as Exhibit Q.

    17. A week later, the Court unilaterally scheduled a telephone

conference call to direct LFD to make a motion for leave to file an amended

complaint, after which the court would decide the abstention motion. A copy

of the transcript of the February 2, 2006 statement by the bankruptcy court is

---

[4] GECC had never submitted any evidence regarding the amount of time it
would take for the state court to adjudicate the case. Instead, GECC raised
what now are known to be unfounded concerns that Ames would be unable to
confirm a bankruptcy plan or obtain post-petition financing unless the
bankruptcy court promptly ruled on the claims against GECC. See Exhibit F.
LFD, on the other hand, submitted evidence that made a *prima facie* showing
that the state court would adjudicate the matter timely and also at least as
quickly as the federal court. See Exhibits E and G.

annexed hereto as Exhibit R. Counsel for GECC and Ames drafted an order

for the bankruptcy court and circulated that proposed order to LFD's counsel

for review. By letter-dated January 8, 2006, counsel for LFD objected to the

proposed order on the ground that the bankruptcy court was required to

abstain from exercising jurisdiction over the case and, therefore, could not

conduct proceedings regarding the amendment of the complaint. A copy of

LFD's February 8, 2006 letter is annexed hereto as Exhibit S. The bankruptcy

court signed the proposed order, over the objection of LFD, and the order was

entered on February 15, 2006. (See Ex. A)

## IV.    Statement of Issues Presented

18.  The issues presented are:

(i) whether the bankruptcy court can defer deciding a long
pending mandatory abstention motion and frustrate the
purpose of the mandatory abstention doctrine by exercising
jurisdiction for the purpose of deciding a motion for leave to
amend the complaint by LFD which the bankruptcy court
has ordered LFD to bring and which LFD believes is not
appropriate to bring in bankruptcy court; and

(ii) whether this Court should direct the bankruptcy court to
decide LFD's abstention motion before the bankruptcy court
(a) directs LFD to make any motion for leave to amend its
complaint, (b) hears or decides any motion for leave to
amend the complaint, or (c) imposes any bar on LFD
seeking leave to amend its complaint.

## V.   Statement of Relief Sought

19. The relief sought by LFD in this action is (i) a vacatur of the order which directs LFD to file any motion for leave to amend its complaint by March 3, 2006 or be barred from amending its complaint; and (ii) an order directing the bankruptcy court to decide LFD's abstention motion before it engages in any further proceedings in this case.

## VI.   Reasons Why The Court Should Issue A Writ

20. A writ of mandamus should be issued because the bankruptcy court, by insisting that it will first complete proceedings regarding any amendment to the complaint before it will decide the long pending abstention motion, is interfering with the state court's conduct of the action after the action is remanded on mandatory abstention grounds. In addition, the bankruptcy court, by not timely deciding the long pending mandatory abstention motion, has effectively deprived LFD of its statutorily created right to mandatory abstention and to have the state court decide the action.

21.  The All Writs Act, 28 U.S.C. § 1651,[5] authorizes courts to issue writs necessary or appropriate in aid of their respective jurisdiction.  A mandamus is an extraordinary remedy traditionally employed "to confine an inferior court to lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority where it has a duty to do so."  Thermtron Products, Inc. v. Hermansdorfer, 423 U.S. 336, 352 (1976); Richardson Greenshields Securities, Inc. v. Lau, 825 F.2d 647, 652 (2d Cir. 1987).

22.  Generally, mandamus is only appropriate where no other remedy adequately protects the petitioner's interest.  See In re F.C.C., 217 F.3d 125, 133-34 (2d Cir. 2000).  Such a situation exists where (i) the time required for the ordinary appeals process would deprive the petitioner of the right it claims; see In re F.C.C., 217 F.3d at 134; or (ii) the objectionable order is an interlocutory order and is not otherwise reviewable on appeal.  See Richardson, 825 F.2d at 650-52 (mandamus issued where district court denied

---

[5] This petition also is governed by Rule 21(a) of the Federal Rules of Appellate Procedure, which is applicable in proceedings before this Court regarding its supervisory authority over the Bankruptcy Court in this District.  In re Ad Hoc Committee of Tort Victims, 327 B.R. 138, 141 (S.D.N.Y. 2005) (district court determining whether to issue mandamus against bankruptcy court applies same standard of review applied by Second Circuit); Tese-Milner v. Holland, 1997 WL 1048898 at *2 (E.D.N.Y. Nov. 26, 1997) (in bankruptcy matters the district court is governed by the same considerations of appellate jurisdiction that apply to the Circuit Court's review of district court orders).

motion to amend and that order otherwise would not be reviewable on
appeal).

23.   Mandamus is appropriate here to confine the bankruptcy
court to the statutory prescriptions Congress established to allocate among
state and federal courts those cases that are "related to" a bankruptcy case.
The bankruptcy court's order, which puts the resolution of whether LFD is
entitled to amend its complaint before the issue of whether LFD is entitled to a
remand on mandatory abstention grounds, intrudes on the province of the state
court, deprives LFD of its right to have its case heard and determined in the
state court, where LFD originally commenced the action, and is not otherwise
subject to any meaningful and timely appellate review.

A.   The bankruptcy court's order is at odds with the
      purpose and intent of the mandatory abstention statute

24.   The bankruptcy court's order is a usurpation of the authority
bestowed upon the district courts by Congress. Congress, when setting the
parameters of the bankruptcy jurisdiction of the district courts, determined
that certain cases should remain in state court. In that regard, Congress
bestowed on federal courts "equitable discretion" to abstain in any case within
any of the three types of bankruptcy jurisdiction if the court deems an action
to be appropriately in state court. However, Congress required that federal
courts invoke mandatory abstention in a smaller subset of cases that were

within the district court's third type of bankruptcy jurisdiction; i.e. its "related to" bankruptcy jurisdiction. That type of case in which Congress required mandatory abstention is set forth in 28 U.S.C. § 1334(c)(2) and this case, indisputably, is within that subset of cases in which Congress requires mandatory abstention.[6]

       25.  Congress, in directing that district courts mandatorily abstain from hearing cases of the type set forth in 28 U.S.C. § 1334(c)(2), was not inviting the district courts to conduct proceedings on the merits of the case

---

[6] As set forth above, the mandatory abstention elements are satisfied here because (i) LFD asserts only state law claims against GECC; (ii) there was no basis to bring this case in federal court, absent jurisdiction under 28 U.S.C. § 1334 (i.e. there was no jurisdiction under either the federal question or diversity jurisdiction statutes); (iii) the only basis for bankruptcy jurisdiction in this action is this court's "related to" bankruptcy jurisdiction under 28 U.S.C. § 1334(b) (i.e., this action is not a core proceeding arising under, or arising in cases under, title 11); (iv) LFD timely moved to remand the action back to state court on grounds of mandatory abstention; (v) LFD's action originally was commenced in a state forum of appropriate jurisdiction; and (vi) the state court can timely adjudicate this action. See Exhibits E and G. The only issue arguably left open following the briefing of the motion and the Second Circuit decision in Mt. McKinley is whether the state court can timely adjudicate this action. On that issue, however, there is no genuine dispute. This Court can take judicial notice that the state court can timely adjudicate the claims in this action, including any claims added by amendment. Moreover, GECC has not submitted any evidence on the issue of how long it would take for the state court to render a decision in this action. GECC relied instead on certain unfounded assertions regarding the dire results that would occur if it did not obtain a prompt resolution of the claims that are now over four years old. On the other hand, LFD has submitted evidence on the amount of time it would take the state court to resolve this action. See Exhibits E and G. That evidence has never been rebutted by GECC.

before deciding a mandatory abstention motion. The bankruptcy court's order in this case flouts the statutory scheme in at least two respects.

26. First, by refusing to decide LFD's abstention motion until after it completes proceedings on whether LFD should be granted leave to amend its complaint, the bankruptcy court contravened the mandatory aspect of the abstention required by Congress. Congress made clear that abstention under 28 U.S.C. § 1334(c)(2) was mandatory. It separately provided for non-mandatory abstention in 28 U.S.C. § 1334(c)(1) and 28 U.S.C. § 1452(b) in all other cases within the district court's bankruptcy jurisdiction. For that distinction to have any meaning at all, then the bankruptcy court must decide whether mandatory abstention is required before it directs the parties to undertake other proceedings on the merits in the case, such as a proceeding to determine whether LFD can amend its complaint. Doing anything else essentially renders all abstention issues discretionary.

27. In similar contexts, it has been held that, when determining a motion to remand, a court exceeds the scope of its statutory authority when it decides other additional issues, or fails to decide the remand motion on the grounds specified in the pertinent statute. See Thermtron, 423 U.S. at 352 (mandamus is appropriate where remand order was not based on grounds Congress set forth in the governing statute); Christopher v. Stanley-Bostitch,

Inc., 240 F.3d 95 (1st Cir. 2001) (mandamus appropriate when district court remanded a case to state court and also ruled plaintiff was judicially estopped from recovering more than $75,000, because that ruling on the merits was an impermissible intrusion into issues which were properly left to the state court.)

28. Here, too, by refusing to decide LFD's abstention motion the bankruptcy court is invoking criteria beyond those prescribed by Congress in the mandatory abstention statute. In addition, by insisting on resolving the issue whether LFD should be granted leave to amend its complaint, the bankruptcy court is intruding on issues that properly are left for the state court to determine after this action is remanded. Under the jurisdictional scheme set forth by Congress in 28 U.S.C. § 1334(c)(2), it is the state court, not the bankruptcy court, that should decide whether it is appropriate to allow LFD to amend the complaint and then to decide GECC's motion for summary judgment.

29.  Second, by failing to decide the abstention motion,[7]
particularly after LFD submitted in January 2006 a proposed order granting
the abstention motion, the bankruptcy court has essentially deprived LFD of
its right to make a mandatory abstention motion and have its action against
GECC heard and decided by the state court where LFD commenced this
action.  LFD made a timely motion to remand this action based on a
statutorily created right of mandatory abstention.  By refusing to decide LFD's
motion for abstention until other proceedings are first completed, the
bankruptcy court has frustrated LFD's exercise of that statutorily created
right.  See Richardson, 825 F.2d at 652.  In this respect, the bankruptcy
court's actions are no different than the actions of the district court in
Richardson, where the court's imposition of a requirement of a pre-motion
conference effectively deprived a party of a right to make a motion for leave
to amend its complaint.  In Richardson, the Second Circuit stated that the
actions of the lower court prevented a litigant from exercising a right provided

_____

[7] A five month period elapsed between the argument of the motion for
abstention and GECC's making of the summary judgment motion.  Then, when
LFD moved to stay disposition of GECC's summary judgment pending
resolution of its appeal in the LFD-Ames case and LFD's mandatory abstention
motion, the bankruptcy court stayed the entire action.  In doing so, the
bankruptcy court avoided having to decide LFD's abstention/remand motion for
approximately three years while LFD exhausted its appellate rights from the
Order in the LFD-Ames case.  Although LFD had moved to stay the disposition
of the summary judgment motion, LFD had not moved to stay the disposition
of its motion for abstention during that period.

by Congress to make a motion and, therefore, those actions were "so 'at odds with the purpose and intent of [the Federal Rules],' as to warrant mandamus relief." Richardson, 825 F.2d at 652 (citation omitted).

30. Here, too, because the actions of the bankruptcy court effectively deprives LFD of making a mandatory abstention motion, the court's actions are "so at odds with the purpose and intent of" the mandatory abstention statute enacted by Congress that mandamus relief is warranted.

B.     The bankruptcy court's order is not subject to timely appellate review

31. LFD is prejudiced by the bankruptcy court's order because it is being deprived of its right to a timely resolution of its abstention motion and its right to have the merits of its claims determined by the state court where LFD commenced this action. LFD's interests in this regard cannot otherwise be protected effectively through the appeal process.

32. First, the order which directs LFD to file a motion for leave to amend or to be barred from doing so later in the case is an interlocutory order that is not reviewable on appeal without first obtaining leave of the district court. See Bankruptcy Rule 8001; 28 U.S.C. § 158(a). LFD, simultaneously with this Petition for Mandamus, seeks an order from the district court granting leave to appeal the interlocutory order. That motion is based on the same facts and arguments set forth herein and seeks the same

relief of obtaining a decision on its long pending motion to remand this action

on mandatory abstention grounds. However, in the event leave to appeal an

interlocutory order is not granted, then mandamus is appropriate. <u>See</u>

<u>Richardson</u>, 825 F.2d at 652.

33. Second, mandamus is appropriate because LFD's

compliance with the bankruptcy court's order potentially could prejudice

LFD's right to mandatory abstention because the making of a motion for leave

to amend can be deemed a waiver of the right to mandatory abstention. <u>See</u>

<u>Lanier v. American Bd. of Endodonics</u>, 843 F.2d 901, 905 (6th Cir. 1988);

<u>Koehnen v. Herald Fire Ins. Co.</u>, 89 F.3d 525, 528 (8th Cir. 1996).

34. Third, if LFD made such a motion for leave to amend, any

ruling on that motion effectively would be insulated from appellate review.

Any order of the bankruptcy court or the district court which grants or denies

a motion by LFD for leave to amend its complaint will be an interlocutory

order that is not subject to immediate review on appeal. <u>Richardson</u>, 825 F.2d

at 650-51. An order on the amendment issue possibly would become

reviewable on appeal when the bankruptcy court or the district court grants

LFD's motion for mandatory abstention and remands the action to the state

court. However, that abstention order would not be reviewable on appeal, <u>see</u>

28 U.S.C. § 1334(d), and if the motion for leave to amend is denied then LFD

would be in a position of having to proceed simultaneously in state court on

its remanded claims and in federal court on an appeal from the order denying

the amendment of its complaint then pending in state court. Such an obvious

intrusion upon the state court's jurisdiction in the remanded case dictates that

this Court avoid even the possibility of that outcome, even if mandamus is

required. On the other hand, an order denying LFD's motion for abstention

does not result in any enhanced efficiency in judicial administration of this

action. While an order denying a motion for abstention would be reviewable

on appeal to the Second Circuit, in that circumstance the order on the

amendment issue would be an unreviewable interlocutory order. In that event,

nothing is gained by deciding a motion to amend before deciding the

abstention motion. Therefore, the bankruptcy court's order requiring LFD to

file a motion for leave to amend or be barred from doing so in the future risks

substantial interference with the state court proceeding following the likely

remand of this action, without any meaningful appellate recourse by LFD in

the event it is denied leave to amend its complaint, and without any

countervailing benefits that would justify that substantial risk.

35. Finally, any appeal from the bankruptcy court order will

take too long to avoid the loss of the right petitioner seeks to protect; i.e., the

right under the mandatory abstention rule to have a state court decide this case

free from any undue influence by the bankruptcy court. The bankruptcy court

has set a deadline of March 3, 2006 by which LFD must file for leave to

amend its complaint or be barred from seeking such relief in the future. Any

appeal from that interlocutory order will not be resolved before that date.

WHEREFORE, petitioner respectfully requests that this Court

issue a writ of mandamus, directed to Hon. Arthur J. Gonzalez of the United

Sates Bankruptcy Court for the Southern District of New York, vacating the

order requiring LFD to move for leave to amend in the bankruptcy court, before

the bankruptcy court decides the motion for mandatory abstention, and directing

the bankruptcy court to decide LFD's motion to remand on grounds of

mandatory abstention.

Dated: New York, New York
      February 24, 2006

BUTLER, FITZGERALD, FIVESON
  & McCARTHY
A Professional Corporation

By_____
    Raymond Fitzgerald (RF 9526)
Attorneys for Petitioner LFD
  OPERATING, INC.
350 Fifth Avenue, Suite 6215
New York, New York 10118
(212) 615-2200

STATE OF NEW YORK
              ss.:
COUNTY OF NEW YORK

       JOEL JEAN, being duly sworn, deposes and says: that deponent is not a party to

the action, is over 18 years of age and resides at 350 Fifth Avenue, Suite 6215, New York, New

York 10118. That on the 24th day of February, 2006, deponent caused to be served a true copy

of the Petition for Mandamus by hand upon:

> Frank A. Oswald, Esq.
> Togut, Segal & Segal LLP
> One Penn Plaza, Suite 3335
> New York, NY  10119
>
> David Reich, Esq.
> Winston & Strawn
> 200 Park Avenue
> New York, New York 10166-4193

and a true copy of the Petition for Mandamus by Federal Express upon:

> Harold D. Jones, Esq.
> Jaspan Schlesinger Hoffman LLP
> 300 Garden City Plaza, Suite 516
> Garden City, New York 11530

In addition, deponent caused a copy of the Petition for Mandamus to be delivered by Federal

Express to

> Honorable Arthur J. Gonzalez
> United States Bankruptcy Court
>   for the Southern District of New York
> One Bowling Green, 6th Floor
> New York, New York 10007

_____
Joel Jean

Sworn to before me this
24th day of February, 2006

_____
Notary Public

GERALDINE PERRY
Notary Public, State of New York
No. 01PE487-9187
Qualified in N.Y. County
Commission Expires Dec. 1, 19__ 2006